OPINION of the Court, by
Ch. J. Bibb
— Handley declared against Harrison upon an indebitatus assump-sit for merchandize, upon a quantum valebant for goods, wares and merchandize, upon an indebitatus assumpsit for money had and received, and upon an in simui cam-futassent.
The defendant pleaded non assumpsit, and gave notice of setoff, non assumpsit within five years, and non assumpsit within one year, averring that Handley was then and there, &c. a merchant, and trading in merchandize, &c. Upon these pleas the plaintiff joined issue, thac he did assume, that he assumed within five years, that he assumed within one year, &c. to pay for the merchant ze in the declaration mentioned.
O.i thetrial, several bills of exceptions were taken, and another to the opinion of the court for overruling a mo *444 tion for a new trial; but of which several questions at® made in this court, which will be noticed in their order.
The first question presented in the order of time is upon the plea of non assumpsit within one year. It was contended by the counsel for the appellant that the issue was immaterial, because the delivery of the respective articles of merchandize was fixed by the statute as the time at which the computation of the year is to, commence; but we think the plea properly pleaded, and responsive to the declaration. The statute uses the expressions, “next after the cause of such suit or action, or the delivery of such goods, wares and merchandize.” If a merchant should sell on a credit of eighteen months, it is evident the statute did not mean to bar the action before the cause of action existed ; or to prohibit the merchant from selling on such an extensive credit, by tying him down to bring suit within one year from the date of each article. Though it may be questionable whether, in an assumpsit for merchandize to pay on request, as this is, the defendant might not compel the plaintiff to produce his bill of particulars, and object to any proof to shew that the goods were sold on a credit; yet the plea of non assumpsit within one year next before the suing out the writ, is a proper plea of the statute ; and the same kind of promise which would take other assumpsits out of the statute, would be sufficient to take a merchant’s account out of the statute ; which is the point made in the first bill of except tions. But if this issue had been immaterial, the consequence contended for would not have resulted.
We cannot see what connection the service of the subpoena upon the witness had with the cause ; and as it appears (for any thing to the contrary in the record) a mere idle dispute about the service of a subpoena on a witne'ss, without any object or end proposed, we shall leave it where we found it.
The third bill of exceptions states that the plaintiff produced the evidence of Silas M’Bee, which was, “ that some time in May or June, 1796, he presented an account to William Harrison, amounting to £. 2ó0 or £. 260; that Harrison objected to certain articles in said account; and that after said articles were stricken out of said account, said Harrison then acknowledged it was all rightwhereupon, the question was, whether *445 that was such an acknowledgment as would take the case out of the statute. The circuit court determined that it was, and overruled the defendant’s motion for a contrary instruction to the jury. In the case of Bell vs. Rowland’s administrators (a), the court had occasion to consider the various decisions of the British courts upon their statute, as well as the reasons which induced the enacting of the statute of limitations. The mils laid down in that opinion (drafted by Judge Trimblk, then upon the bench,) is clear and explicit, and seems to be, at least, as favorable to the creditor as any one which can be adopted to guard against the mischiefs the statute intended to remedy, and yet leave the party to pursue his original cause of action 'depending on the original consideration. An express promise to pay, “ or an express acknowledgment of the debt as a debt due at that time, coupled with the original consideration,” must have been made within the time limited by the statute, for bringing the action ; for if there has been such an express acknowledgment of a subsisting debt, the law would imply a promise: but whether an implied promise would not, nevertheless, be barred, is worthy of enquiry ; since, if the law makes the prornise, it relates to the time of the original consideration. Be that as it may, mere loose expressions, or vague acknowledgments, will not suffice ; the acknowledgment from which the law is to raise a promise, contrary to the provisions of the statute, must be clear and express, where the mind is brought directly to the point — debt or no debt at the present time, not whether the debt was once an existing demand. That the law will argumentatively make it a debt in presentí, if the party does not in his acknowledgment sav it is not, or prove paj ment, is a proposition that cannot be granted in opposition to the provisions of the statute. Where the limitation has run, to get clear of it the whole burthen of proof is thrown on the plaintiff to prove a good and subsisting debt, end a promise to pay, withiq the period prescribed to his action.
The acknowledgment of Hams or, as proved by M’Bee, does not come up to this requisition. There was no express promise tq pay, there was no express acknowledgment of a then subsisting debt, there was no assent to pay it; !i Harrison then acknowledged the ac~ *446 count was all right,” is too loose, vague and indefinite an acknowledgment to revive a transaction, and put it: under investigation again, after the law had closed it», That the account was right, would be true, and might well be acknowledged, if the articles had been truly noted, notwithstanding the party might have paid it, or was unwilling to acknowledge it as a debt then subsisting ; and that is the point to which an express acknowledgment should have been proved. The refusal of the court to instruct the jury, as moved for by the defendant in the action below, was therefore erroneous.
The last bill of exceptions presents the question whether the jury were authorised by the principles of the law to give interest upon a merchant’s account; for if they were not, the evidence stated in the bill of exceptions could not authorise the assessment of damages made by the jury. That interest cannot be allowed on a merchant’s account, was fully decided and settled in the cases of South vs. Leavy (a) and Murray vs. Ware's, administrator (b), and the cases therein referred te. The other points embraced in this bill of exceptions have been before noticed. The court erred therefore in refusing to grant the new trial as moved for by the defendant below. — ■—Judgment reversed.

 Har. 518.

 Ante 325.