C. SHITTENHELM'S ADMR. *v.* LOUISVILLE & N. R. CO.

[Abstract Kentucky Law Reporter, Vol. 5—325.]

**Contributory Negligence.**

Where one turns his stock on the railroad right of way on Sunday under the belief that no trains will run on that day, and a special train does run, and hearing it coming he goes on the right of way to drive off his stock and loses his life, the point where he was injured being one where there was no crossing, and where he could see the approaching train, he ought to have known his danger; and the employes of the company had a right to assume that he would leave the track and avoid danger, and where he fails to do so he so far contributes to his own death that there can be no recovery.

**Care of Train Operators to Avoid Injury to Others.**

In a suit for damages against a railroad company for killing a person on its right of way, where it is shown the deceased was where he had no right to be and the employes of the company are exercising ordinary care and judgment, they have a right to assume that the trespasser will leave the track and where they were not guilty of wilful neglect, it is shown that the death of the trespasser was the result of his own neglect and there can be no recovery against the company.

APPEAL FROM BOONE CIRCUIT COURT.

October 18, 1883.

OPINION BY JUDGE PRYOR:

After a careful reading of the testimony in this case we see no reason why the motion for a nonsuit should not have prevailed. That motion was overruled and a verdict on the merits returned for the defendant.

The jury by a special finding said that the company was not guilty of negligence, and that the deceased caused his death by his own folly. He had turned his stock from his own premises on Sunday to graze upon the track of the railroad under the belief that no trains would pass on that day. A special train seems to have been required, and as it was unusual made its appearance near Walton at a time when not looked for by the deceased. He lost his life in the effort to save his stock, or to prevent injury to the train by reason of his stock being upon the track. He

knew the train was approaching for it was the noise of the train that caused him to drive his stock from the track.  He was at a point where there was no crossing and where he could be seen by those on the train several hundred yards off.  He ought to have realized his danger, while the employés of the company had every reason to believe that he would leave the track.  In fact, when seen by the employés he was not on the track; and if on it, the necessity for leaving the track was so apparent that any rational man must have supposed that the deceased would have left the track, as he could have done, and saved his life.  The proof is that as the train approached the unfortunate man the whistle was sounded and brakes put down but it was then too late to save him.  The unobstructed view of the man and the road was of itself convincing that those running the train thought the man would leave the track.  Nothing was done to stop the train until within about one hundred twenty yards of the deceased, the employés believing, as they had the right to believe, that he would leave the road.  The conductor was not compelled to stop at the station, or so far as the deceased was concerned to run the train fast or slow.  The deceased was where he had no right to be, and in the exercise of ordinary care and judgment those running the train had no right to apprehend danger to the deceased under the circumstances, and certainly there is no case of wilful neglect shown by the appellant.  The proof conclusively shows that the death of the appellant's intestate was the result of his own neglect.

Judgment *affirmed.*

*O'Hara & Bryan, for appellant.*

*Wm. Lindsay, for appellee.*

[Cited, *Louisville & N. R. Co. v. Tinkham's Admx.,* 19 Ky. L. 1784; 44 S. W. 439.]