[No. 3384.]

GILMOUR, administratrix, v. HAWLEY MERCHANDISE Co.

1. WITNESSES—*Competency.* Under Rev. Stat., sec. 7267, a stockholder in a corporation is not a competent witness to establish a claim of such corporation against a decedent's estate.

2. —— *Time to Object for Incompetency.* Where the witness is not a party to the cause, and his incompetency does not appear by the record, an objection to his testimony, made after he is sworn in chief, is in time. *Milsap v. Stone,* 2 Colo. 137, distinguished.

3. STATUTE OF LIMITATIONS — *Unauthorized Credit — Effect.* A credit entered in the books of a merchant, and carried to the note of a customer, without the knowledge or authority of the customer, and not afterwards approved by the customer, has no effect upon the currency of the statute, when pleaded to an action on the note.

4. —— *Pleading.* The statute of limitations may be pleaded with the general denial.

5. EVIDENCE—*Parol to Contents of Writing,* e. g., a merchant's pass book, the book not being produced or demanded, is inadmissible. *Adams v. Tucker,* 6 Colo. 393, distinguished.

*Appeal from Gilpin District Court.* HON. FLOR ASH-
    BAUGH, Judge.

Mr. H. A. HICKS, Mr. L. J. WILLIAMS, for app-
ellant.

Mr. JAMES M. SERIGHT, Mr. BROOKS FULLERTON,
for appellee.

CUNNINGHAM, J.

Appellee, plaintiff below, filed its claim consist-
ing of two promissory notes in the probate court
of Gilpin county, against the estate of James A. Gil-
mour, deceased. The claim was allowed by the coun-
ty court, and on appeal by the administratrix to the
district court, judgment again went in favor of ap-
pellee.

1. The principal witnesses called by appellee
on the trial in the district court were H. J. Hawley,
who was an officer and stockholder of appellee, and
Charles E. Wiley, a director and stockholder in said
corporation. Their testimony was essential to a
recovery in the case under any view that may be
taken.

Immediately after each of these witnesses were
sworn, appellant, by her attorneys, objected to his
competency on the ground that they were disquali-
fied under sec. 7267 R. S. That they were so dis-
qualified is apparent. But appellee insists that their
disqualification was waived by the fact that appel-
lant made no objection to their being sworn; in
other words, raised the objection after the oath had
been administered, but before any question whatever
had been propounded to the witness. It relies upon
the case of *Milsap et al. v. Stone,* 2 Colo. 137. In the

Milsap case it appears that the witness objected to was the plaintiff in the case, and her name appeared of record as such. The case had been previously tried, hence her disqualification must have been just as apparent before she was sworn as afterwards. In the case at bar neither of the witnesses were parties to the suit. Their disqualification could only be made apparent by their examination. It is true they might have been sworn on their *voir dire,* and in this manner their disqualification could have been disclosed before they were sworn in the main case, or in chief, but we know of no authority in this state or elsewhere which now requires this method to be pursued. It would seem highly technical to make the disposition of the objection depend upon the nature of the oath administered rather than upon the time when the objection was raised. We therefore hold that it is not necessary that the objection in a case of this character should be interposed before the witness is sworn in the main case, where the record does not, on its face, disclose the relation or interest of the witness. In 8 Enc. Pl. & Pr. p. 240, it has been stated that the Milsap case is against the weight of authority. We therefore feel justified in not extending its application.

In the case of *Snow v. Batchellor,* 8 Cush. 513, cited in the Milsap case, it appears (a) that the witness objected to was not incompetent, and (b) "that the objection was not taken to the competency of the witness on the ground of his being an endorser of the writ at the trial."

In the case of *Donaldson v. Taylor,* 8 Pick. 390, also cited in the Milsap case, it appears (a) that the evidence admitted was not objectionable under

the rule (b) "still the objection came too late, being after he was sworn and examined."

Starkie on Evidence is also cited in the Milsap case. In Vol. 1, p. 136, (Ed. 1842) note u., we find the following:

"The ancient doctrine on this head was so strict that if a witness were once examined in chief, or even sworn in chief, he could not afterwards be objected to on the ground of interest. This rule has been relaxed for the sake of convenience."

The following additional authorities we believe support the rule we have announced:

*Jacobs v. Layborn,* 11 Meeson & Welsby 684-9; Bradner on Ev. (2nd Ed.) 164; Rapalje's Law of Witnesses §§ 173-4; Phillips on Ev. Vol. 1, *p. 99; Taylor on Ev. (4th Ed.) Vol. 2, §§ 1241-2; Enc. of Ev. Vol. 3, p. 174 et seq.

Mr. Rapalje, in commenting on the time when the objections should be raised, says:

"But the better and more approved practice now is to swear the witness-in-chief and bring out the facts showing his interest, either on direct or cross-examination."

That the trial court committed reversible error in permitting the witnesses Hawley and Wiley to testify over the objection of the defendant is clear. In view of a probable retrial of the cause, there are one or two other errors alleged that may be properly considered.

2. Each of the two notes bore an endorsement of payment of $1.00 made on the day before they would have become barred under the statute of limitations. It appears from the evidence that these two payments were made under the following cir-

cumstances: the deceased was trading with the Mercantile company, and had a running account with it. On the date of the endorsements, the bookkeeper for the company charged the defendant's account with a cash item of $2.00 and at the same time credited each of the two notes in question with $1.00. It does not appear that the defendant was present at the time, or at any time directly or specifically authorized any such transaction. Appellee, in order to show that the deceased ratified the act, introduced evidence on the part of its bookkeeper that it was the custom of the company to send out monthly statements to all of its debtors, or that they had a pass book showing the state of their account; that the deceased made frequent payments on his store account after it had been charged with this cash item; that witness saw two of these pass books in the hands of the attorney for the administratrix, but he testified that deceased may have had dozens such pass books. It will be noticed that there is no direct testimony that deceased ever received from appellee a pass book containing the cash charge of $2.00. No demand was made by appellee upon the counsel for appellant to produce the pass books he had, and no offer was made to introduce any pass books. To the evidence offered as to these pass books, appellant's counsel objected, on the ground that it was not the best evidence. We think, under the circumstances, this objection ought to have been sustained. Oral testimony as to the contents of the pass books ought not to have been admitted without the proper ground having first been laid.

Appellee further contends that other certain alleged insufficiencies in its evidence have been cured

by the fact that appellee raised the statute of limitations, and thereby, as counsel alleges, admitted the indebtedness. This does not follow. We know of no authorities that deny a defendant the right to plead defenses which are rendered inconsistent by implication of law solely. It is true that the plea of the statute of limitations is in confession and avoidance, and, by implication of law, admits the original indebtedness, but such a plea is not so inconsistent with a general denial of liability as that the proof of the one necessarily disproves the other. In the case of *Adams v. Tucker,* 6 Colo. 393-6, cited by counsel, the statute of limitations was the only plea interposed. Hence the case is not in point. Again, counsel urged that the fact that the notes were just debts and unpaid is established by the failure of defendant to dispute that claim. No pleading is required in a case of this sort, and it is incumbent upon the plaintiff to prove by proper evidence the validity of his claim made against the estate of a deceased person.

The judgment is reversed and remanded.

*Reversed and remanded.*