No. 26,566.

SARAH M. BURDUE and JOSEPHENE BRUNKHART, *Appellees,*
v. CLARA LAMB et al., *Appellants.*

SYLLABUS BY THE COURT.

LIMITATIONS OF ACTIONS—*Acknowledgment of Debt—Person to Whom, Made.*
A written acknowledgment of the existence of a real-estate mortgage debt,
made by the mortgagor to an insurance agent in an application for fire in-
surance to cover the buildings on the real property, will not suspend the
operation of the statute of limitations as to that debt, where the insurance
agent did not in any way represent the holder of the mortgage and it is
not shown that it was intended that the acknowledgment of the debt should
be communicated to the holder thereof.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed
March 6, 1926. Affirmed.

*J. W. Mertz* and *W. W. Edeburn,* both of Garnett, for the appellants.
*John A. Hall,* of Pleasanton, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The appeal is from a judgment refusing to allow
a claim against the estate of a deceased person.

Benjamin Burdue died in January, 1924, seized of certain real
property situated in Linn county and left as his sole surviving heirs
the plaintiffs, Sarah M. Burdue and Josephene Brunkhart, and de-
fendant Clara Lamb, who were his children. Defendant Henry H.
McGee was appointed administrator of the estate. In November,
1912, Benjamin Burdue executed a note due in five years for
$1,513.30, with interest thereon at the rate of seven per cent per
annum, and executed a mortgage on the real property to secure the
payment of the note. In November, 1914, the payee of the note
assigned it and the mortgage to the defendant Marne Lamb, the
husband of defendant Clara Lamb. Interest on the note was paid
to November 24, 1914. No payment of any kind was thereafter
made on the mortgage indebtedness which became due November
24, 1917. On March 15, 1922, Benjamin Burdue signed a written
application for fire insurance on the improvements on the real prop-
erty, which application contained the following language:

"Q. Is the land encumbered? A. Yes.

Limitation of Actions, 37 C. J. pp. 1137 n. 85, 1252 n. 99; 25 L. R. A. n. s.
805; 33 L. R. A. n. s. 262; L. R. A. 1915B, 1047; 17 R. C. L. 909.

"Q. If so, what amount?  A. $1,500.
"Q. When due?  A. Now."

We quote from, the counter abstract as follows:

"A statement by the solicitor, which was signed by the solicitor but not by Benjamin Burdue, contains the following statement: '16. If there is a mortgage on the real estate give name of mortgagee and residence. Marne Lamb, Centerville, Kansas.'"

On August 15, 1924, defendant Marne Lamb commenced proceedings in the probate court of Linn county for the allowance of the mortgage debt as a claim against the estate of Benjamin Burdue, deceased. The claim was allowed by the probate court. An appeal was taken to the district court, where the claim was disallowed. The matter was then brought to this court.

The only question argued is, Did the written application for fire insurance constitute such an acknowledgment of the debt as would take it out of the operation of the statute of limitations? Section 60-312 of the Revised Statutes reads:

"In any case founded on contract, when, any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

This court in *Sibert v. Wilder,* 16 Kan. 176, said:

"An acknowledgment of a debt, to take the case out of the statute of limitations, must be made, not to a mere stranger, but to the creditor, or someone acting for or representing him."

That rule was again declared in *Schmucker v. Sibert,* 18 Kan. 104, and was followed in *Investment Co. v. Bergthold,* 60 Kan. 813, 58 Pac. 469. See, also, 37 C. J. 1137; 17 R. C. L. 909; and 25 L. R. A., n. s., 806, note.

The evidence did not show nor tend to prove any relation whatever between the fire insurance agent and Marne Lamb. Neither did the evidence show nor tend to prove that it was the intention of Benjamin Burdue that the fire insurance agent should communicate to Marne Lamb the fact that Burdue had acknowledged the existence of the debt. The statement was made concerning the condition of the title to the land for the purpose of getting fire insurance, not for the purpose of acknowledging the debt.

The judgment is affirmed.