## Thornton's Adm'r v. Minton's Ex'r et al.

(Decided Oct. 24, 1933.)

TYE, SILER, GILLIS & SILER for appellant.

J. J. TYE and T. D. TINSLEY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

On October 19, 1900, T. W. Minton executed and delivered to the Citizens' National Bank of Lebanon, Ky., a note for $500, payable six months after date with interest from maturity until paid. This note was immediately transferred and delivered to W. A. Thornton and was later formally assigned to him by the bank.

On December 1, 1900, T. W. Minton executed to the firm of T. H. Thornton & Son a note for $250, payable one year after date and bearing interest from date. Thereafter, T. H. Thornton died, and this note, together with all other assets of the firm, passed to his son and surviving partner, W. A. Thornton. At the bottom of the face of the note for $250 there is an indorsement reading:

"This is to certify that I owe & intend to pay this note in full during one year after date. Also another note of $500 dated October 19, 1900.

"T. W. Minton."

On the reverse side of the note there is an indorsement reading:

"$250. Received on the within notes two hundred & fifty dollars this Aug. 22-1921.

"W. A. Thornton."

W. A. Thornton died intestate and H. B. Thornton was appointed and qualified as his administrator. The two above-described notes passed into his hands as assets of the estate.

T. W. Minton died testate more than nine months

**prior** to December 23, 1931, and on the latter date,. H. B. Thornton, as administrator of W. A. Thornton,. instituted this action against R. B. Minton and Nola E. Minton, executors of T. W. Minton, deceased, seeking· to recover the amount of the notes less the credit thereon on the alleged new promise of T. W. Minton to· pay same as evidenced by the indorsement at the bot-· tom of the face of the $250 note.

In addition to the foregoing facts, the petition. alleged that proof of the indebtedness had been properly· made and presented to the executors but payment had. been refused.

After demurrer interposed by defendants had been. overruled, they filed answer, the first paragraph of· which traversed the allegations of the petition and, in. subsequent paragraphs and by a first and second amend-· ed answer, set up certain affirmative defenses with re- spect to one or both notes. In so far as pertinent, these· defenses will be referred to in disposing of questions. argued by counsel for respective parties.

Trial before a jury resulted in a directed verdict. finding for defendants, and from a judgment in con-· formity therewith, plaintiff is appealing.

In an opinion found in the record, the trial judge,. after pointing out that the notes described in the peti-· tion were barred by limitation long before the alleged. new promise was made, indicated that the vital point in the case is whether the new promise relied upon was. sufficient to vitalize the indebtedness which was barred and of no legal effect. In effect it is held in that opin-· ion that the writing relied on as a new promise is not. a contract or an agreement to pay, but is a mere expres- sion of an intention and therefore not enforceable.

Upon a consideration of the facts developed by the record, our conclusions are in accord with those of the· trial court with respect to the pivotal point in the case; however, we find ourselves unable to adopt or consent. to the lower court's construction of, or the effect to be· given to, the language of the alleged new promise.

As a general rule a new promise to pay a debt not. barred by limitation, unless it be such as will create a. new obligation, operates merely to cut off the ante-· cedent time and to extend the period of statutory limi-· tation from the date of the new promise.

In some jurisdictions it is held that a new promise made after action has been barred by lapse of time serves to revitalize and lift the case from the statute, and in such circumstances the cause of action is upon the original obligation. Others hold to the view that the new promise creates a new obligation and that action must be upon such new promise. This court has adopted and consistently adhered to the latter rule. West v. W. T. B. Williams & Sons, 202 Ky. 382, 259 S. W. 1015; McCracken County v. Mercantile Trust Company, 84 Ky. 344, 1 S. W. 585, 8 Ky. Law Rep. 314; Carr's Ex'r v. Robinson, 71 Ky. (8 Bush) 269; Gilmore v. Green, 77 Ky. (14 Bush) 772; Turner v. Everett, 5 Ky. Law Rep. 325; Bain v. Sawyers, 14 Ky. Law Rep. 857.

The moral obligation of a principal to pay the indebtedness which has been barred by limitation is a sufficient consideration for a new promise to pay the debt. Head's Ex'r v. Manner's Adm'rs, 28 Ky. (5 J. J. Marsh.) 255; Emmons v. Overton, 57 Ky. (18 B. Mon.) 643. But to sustain a cause of action, the new promise must be clear, direct, positive, and unqualified; however, no set form of words is necessary, nor is it necessary that the promise be in writing. 17 R. C. L. 889-896. McGrew's Ex'r v. O'Donnell, 92 S. W. 301, 28 Ky. Law Rep. 1366; Harrison v. Handley, 4 Ky. (1 Bibb) 443.

Measured by the strictest and most technical rules laid down by courts and text-writers, the alleged new promise in this instance meets every requirement, since it is an unqualified acknowledgment of the indebtedness coupled with a clear, direct, and explicit intention to pay. In 17 R. C. L. p. 897, it is said: "In general any language of the debtor to the creditor, clearly admitting the debt and showing an intention to pay it will be considered an implied promise to pay and will take the case out of the statute."

It is urged by counsel for appellees that even though it should be held that the alleged new promise is definite, certain, and explicit with respect to acknowledgment of the indebtedness and promise to pay, it is insufficient in that it is indefinite as to whom the promise is made and as to the identity of the indebtedness in so far as the $500 note is concerned. It is true that

the acknowledgment of an indebtedness to be sufficient must be made to the creditor or to some person acting for him. Hargis v. Sewell's Adm'r, 87 Ky. 63, 7 S. W. 557, 9 Ky. Law Rep. 920; Davis v. Strange, 156 Ky. 420, 161 S. W. 217; Dowell v. Dowell's Adm'r, 137 Ky. 167, 125 S. W. 283. Clearly the new promise indorsed on the instrument evidencing the original debt identified the person to whom the promise is made and, not only so, but the indorsement on the $250 note alleged to have been signed by T. W. Minton sufficiently identified the $500 note which was held by the creditor.

It is further argued by counsel for appellees that where a negotiable note has been actually negotiated before maturity and is thereby placed upon the footing of a bill of exchange and is in the hands of a third party, an action thereon must, under the provisions of section 2515, Kentucky Statutes, be brought within five years next after the cause of action accrued. Counsel are quite correct in this contention; however, it is immaterial in this instance, since the new promise was made after the period of limitation had run as to both of the notes and the action is now upon the new promise which is in writing and not upon the original notes.

It is contended by counsel for appellees that appellant and all his witnesses were, under section 606 of the Civil Code of Practice, incompetent to testify because they are parties in interest. While true that parties in interest cannot testify as to conversations or transactions with a person who is dead, the parties in interest in this case were competent to testify as to the identity of the signature of T. W. Minton to the notes and alleged new promise.

Appellees pleaded that prior to the date of the alleged new promise was made T. W. Minton had been adjudged bankrupt and had received a discharge from all indebtedness including the notes described in the petition. They now complain that the court erred in holding this plea to be inconsistent with other defenses relied upon and in requiring them to elect. Manifestly the court was in error in this ruling; however, it does not appear to be material, since an express promise by a bankrupt to pay a prior debt from which he has been discharged is a valid promise upon which recovery may be had. Egbert v. McMichael, 48 Ky. (9 B. Mon.) 44;

Damron v. Pikeville Grocery Co., 222 Ky. 749, 2 S. W. (2d) 366.

Counsel for appellant argue that the court erred in refusing to permit them to introduce in evidence a letter written by T. W. Minton to J. R. Glasscock, who married a daughter of W. A. Thornton, relative to the notes in controversy. Without going into detail as to the contents of this letter, it is apparent that the court correctly refused to admit it, since it is, in effect, nothing more than an offer to compromise.

Counsel in brief go into a discussion of evidence relating to alleged changes made in the writing at the bottom of the $250 note after it was signed, but that is a question to be determined by the jury from the proof.

Finally, without elaboration it may be said that the record fails to sustain appellees' plea of no consideration.

For the reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.