163 P.2d 267

WILSON v. BLACK.

No. 4902.

Supreme Court of New Mexico.

Oct. 30, 1945.

Frazier & Quantius, of Roswell, for appellant.

Harris & Williams, of Hobbs, for appellee.

MABRY, Chief Justice.

Plaintiff-appellant (hereinafter to be referred to as plaintiff), as the sole heir of one R. T. Wilson, deceased, sued defendant-appellee (hereinafter to be referred to as defendant), seeking recovery upon a $2240 check given to the deceased on October 1, 1931, for the purchase price of certain real estate, the title to which was at the time conveyed to the defendant by the deceased. The check at the time was dishonored because of lack of· funds, and whether the amount represented thereby was ever paid is the principal question in the case. Some thirteen years elapsed be-

tween the time the check was dishonored and the bringing of this suit.

To meet the anticipated defense of the Statute of Limitations, plaintiff alleged that by reason of the close relationship of the parties, the deceased and plaintiff, and the promise of defendant that he would eventually take up the check and pay the amount represented thereby, that the decedent had been misled in his reliance upon defendant's promise to take up such check until after statutory period had run, and urged that defendant was thus barred and estopped from relying upon the Statute of Limitations.

The defense relied upon was that although the check was dishonored at the time, within a few days thereafter defendant paid the amount of the check in cash but had failed to secure the return of the dishonored check sued upon; that nothing was owing on account thereof, and that, in any event, the Statute of Limitations was a bar to recovery. Judgment was for defendant and plaintiff appeals.

The court made findings of fact, to 3, 4, and 6 of which plaintiff directs his challenge as lacking substantial support in the evidence and as not being supported by a "preponderance of the evidence." In view of the disposition to be made of the case under the claim that the Statute of Limitations had run, we find it unnecessary to determine whether the evidence affords substantial support to the findings so challenged.

Plaintiff does not claim a revival of the alleged indebtedness after it had been barred, so as to bring it within the revival statute (1941 Comp. § 27-115) by an "admission that the debt is unpaid" or by a "new promise to pay the same," but relies upon letters and certain evidence in attempting to show that the defendant had thereby lulled the deceased into a feeling of security and had thus, through fraud, caused him to forbear bringing suit and that defendant is thus estopped from relying upon the Statute of Limitations. These letters so relied upon all appear to have been written subsequent to the date when the statute had completely run, and none of the evidence is of a character that it could be said estopped defendant from relying upon the limitation statute, a point hereinafter to be further noticed.

The court found and concluded as follows:

1. That the plaintiff is the son and sole heir of R. T. Wilson, deceased, whose estate was probated in the state of Texas, and all of the assets of said estate, including the check sued on herein, were awarded to the plaintiff.

2. On October 1, 1931, the defendant gave to Richard T. Wilson his check for $2240 to be applied on the purchase of land, but at the time the check was given he did not have funds in the bank on which to draw to pay said check.

3. That the defendant had lost money in banks and had the money to pay said check and did pay it to R. T. Wilson within

two or three weeks after the check was given.

4. That the defendant and R. T. Wilson had married sisters, but that the relations existing between them were not close.

5. The defendant wrote the letters introduced in evidence and identified as plaintiff's Exhibits 2 and 4, and received from the deceased the letters introduced in evidence and identified as plaintiff's Exhibits 3 and 5.

6. More than six years have elapsed since the giving of said check, and the plaintiff has failed to establish the defendant acknowledged said indebtedness by an instrument in writing signed by him, or in any other way revived such indebtedness, if any in fact existed, after it had been barred by statute of limitations.

The Conclusions of Law were: (1) That the complaint should be dismissed and the plaintiff denied recovery herein; (2) that the indebtedness represented by said check having been paid in cash within two or three weeks after it had been given, the plaintiff cannot recover; (3) that if the check was not actually paid in cash any action thereon is now barred by the statute of limitations; (4) that a prior cause filed in this court by the plaintiff against the defendant is not res adjudicata as to this action.

Plaintiff in his appeal presents six assignments of error but suggests they may all be argued under one point, viz, that the court erred in not awarding judgment for plaintiff. Seeking a more convenient and clearer approach to the questions presented, defendant urges that the findings and judgment are amply supported for the following four reasons: (1) That the record contains substantial evidence in support of the court's finding of fact; (2) that defendant's testimony of payments is sufficiently corroborated to satisfy the requirements of the statute on corroboration, (1941 Comp. § 20-205); (3) that the trial court's finding that the debt sued upon was barred by the statute of limitations is not inconsistent with the additional finding that the indebtedness has been paid; (4) that the record does not contain evidence of fraud sufficient to require the court to conclude, as a matter of law, that the defendant is estopped to rely upon the defense of limitations.

We find no inconsistency between the finding of the trial court that the indebtedness had been paid and another finding that the suit was barred by the Statute of Limitations, i. e. findings Nos. 3 and 6. It is merely to say that the debt has been paid, and moreover, and in addition, whether or not it has been paid, it is, nevertheless, barred by the Statute of Limitations. Either finding, substantially supported, would defeat plaintiff's claim. If the plea of payment, and the plea of the Statute of Limitations are not inconsistent, and they are not (see Gilmour v. Hawley Merchandise Co., 21 Colo.App. 307, 121 P. 765; Irwin v. Holbrook, 32 Wash. 349, 73

P. 360), they may both be relied upon. The Rules of Civil Procedure, Rule 10(b), 1941 Comp. § 19-101, provide that "each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." These two defenses were pleaded separately, as the rule provides, and upon the evidence taken the court sustained the contention of defendant as to both.

Plaintiff appears to argue that since he once lent defendant $25 and that he would let defendant have "all the money he wanted" if, and when, he needed it, that this showed sufficient confidence in the integrity of defendant to establish a relationship close enough, or confidential enough, to bring into operation the rule of estoppel, i. e. defendant would thus be barred to rely upon the Statute of Limitations to defeat the claim in question. Plaintiff cites no authority in support of his somewhat unusual position that because of this confidence imposed by the creditor in the debtor, or because of the additional fact that the deceased "did not want a law suit with the defendant," or because defendant had by his conduct and verbal statements made prior to the running of the statute indicated that he would pay any debt he might owe the deceased, the relationship was thus established as between the parties which would deny to defendant reliance upon the statutory bar. It is not contemplated that the Statute of Limitations was to be so limited in its operation.

It will be conceded that a promise to pay a debt, although not in writing, may be made in such a manner, and under such circumstances, that if relied upon, it may constitute an estoppel against the person making it to plead the statute (34 Am. Jur., Sec. 415, p. 329); yet a mere request for delay, or forbearance in bringing suit, for example, absent representations involving fraud of some character, is not sufficient to deny the debtor the defense of the statute. A representation, other than a mere promise to pay, even where there is a fiduciary relation, is not sufficient. Bank of Jonesboro v. Carnes, 187 Ga. 795, 2 S. E.2d 495, 130 A.L.R. 1. See 34 Am.Jur., Secs. 416 and 419, and Annotation in 95 Am.St.Rep. 411, for a discussion of the general rule and citation of cases. It cannot be said that the words, or the conduct, here relied upon bring this case within the rule laid down by the texts or the cases upholding estoppel.

The period of limitation had run and defendant was entitled to rely upon it.

No other question here raised need be noticed. The judgment will be affirmed and it is so ordered.

SADLER, BRICE, and LUJAN, JJ., concur.

BICKLEY, J., concurs in the result.