## Mellema's Adm'r et al. v. Whipple et al.

January 17, 1950.

William J. Baxter, Judge.

14

Shumate & Shumate and George T. Ross for appellant.

Clay Shackelford for appellee.

JUDGE KNIGHT—Reversing.

At its inception this litigation involved many issues. The suit was originally filed by the State Bank & Trust Company, trustee under the will of Ruth Rosson, to determine the ownership of the sum of $3663.84, which it was holding as trustee, and involved the construction of the will of Ruth Rosson, deceased. Upon the extensive pleading, tested by demurrers and motions directed thereto, the lower court by its judgment held that the fund in the hands of the trustee passed under the will of Ruth Rosson to her daughter Patricia Boone Mellema, now deceased, hereinafter called Patricia, or deceased, and passed under the will of the latter to her husband Gerard Evert Mellema of Washington, D. C., and not to certain collateral relatives who were claiming the fund under their contention as to the proper construction of the will of Ruth Rosson. There is no appeal from that part of the judgment, but this appeal results from an incidental question involved in the case and arises in this way: Among the claimants to the fund involved in the suit, filed by the bank as trustee, was Francis Mays Whipple who, with her husband Dodge Whipple, was made a defendant. They filed their separate answer, counter-claim and cross-petition against the administrator with the will annexed of Patricia, deceased, alleging that said deceased was indebted to Francis Mays Whipple in the sum of $550, which sum she had promised and agreed to pay out of the fund in the hands of the trustee involved in this litigation, and praying for judgment against the estate of deceased for that sum with interest from March 28, 1934, until

paid. In an amended answer, counter-claim and cross-petition the Whipples set out in more detail the basis of their claim against the estate of Patricia and since it becomes pertinent in this case because of the contentions of the appellants and appellees, it will be necessary to set out the substance of this amended answer and cross-petition.

In it they set out the entire record in a previous suit No. 3198 which had been filed in the Madison Circuit Court by Patricia and her trustee on petition by which it was shown that the trustee had in its hands at that time $3789.74; that of that sum $1701.26 came into its hands from the estate of D. M. Terrill, grandfather of said Patricia, and which was devised to her by him; that $2363 of the fund in the hands of the trustee came from the estate of Ruth Rosson, mother of Patricia, and was held under the terms of her will, the remainder of the fund, $232.29, being accumulations of interest from the latter estate. It was shown in the original suit, No. 3198, that the funds from the D. M. Terrill estate, belonging to Patricia, and the balance from the Ruth Rosson estate, about which there was some controversy, had by mistake become intermingled in the hands of the trustee. The purpose of suit No. 3198 was to have the $1701.26 coming from her grandfather's estate segregated from the remainder of the fund in the hands of the trustee so that that sum along with the accumulated interest of $232.29 could be paid to Patricia in order that she might pay certain indebtedness owed by her. In her verified petition in that suit she sets out this indebtedness totaling $1410 including $550 which she at that time owed to Francis Mays (Whipple), appellee herein. The judgment in suit No. 3198, entered June 2, 1934, granted the relief sought, segregated the $1701.26 and directed that the trustee pay that sum plus the $232.29 accumulated interest to Patricia. This judgment stated that she owed debts totaling $1410. In that suit the other possible claimants to part of the money in the hands of the trustee, including the mother of appellee Francis Mays Whipple, waived all their claim to the $1701.26 segregated in the judgment.

By a second amended answer and cross-petition filed in the present suit, appellees state that the $550 set out in the original answer and referred to in suit No.

3198 set out in the first amended answer and cross-petition has not been paid.

A demurrer to the answer, counterclaim and cross-petition as amended was filed by appellants and was overruled by the Chancellor. Appellants then filed a reply in the first paragraph of which they deny the allegations of the answer. In the second paragraph they allege that the debt sued on was based on an oral agreement made prior to March 28, 1934, and the cause of action accrued more than fifteen years before the institution of this action; that the alleged acknowledgment and new promise to pay said debt alleged to have been made on April 28, 1934, was not made by decedent to appellee Francis M. Whipple or her agent or to anyone acting in her behalf nor within five years nor within ten years before the commencement of this action and they plead and rely on the statutes of limitations KRS 413.090, 413.120 and 413.160. In the third paragraph they plead payment and satisfaction of the debt, setting out that deceased in her lifetime furnished appellee Francis M. Whipple board, lodging and other services at the latter's request in excess of $1200 and that on May 5, 1947, the decedent, then living, and appellee Whipple mutually settled the indebtedness owing to each other, including the indebtedness sought to be recovered in this action.

In the judgment entered May 21, 1949, the demurrer, which had been filed to the above reply, was sustained and, among other things, it was adjudged that Francis M. Whipple recover of the estate of Patricia B. Mellema, deceased, the sum of $550 with interest at 6% from March 28, 1934, until paid. The appeal is from this part of the judgment.

It is obvious that the lower court erred in sustaining the demurrer, which was directed to the reply as a whole, because the third paragraph sets up a complete and valid defense of payment and satisfaction and raised an issue that required proof. It is a well settled rule of pleading that if any part of a pleading sets up a cause of action or a defense, it is not demurrable.

Another reason, not so obvious, why the reply was not demurrable was that in the second paragraph it was alleged that the acknowledgment or new promise alleged

to have been made by Patricia was not made to appellee Francis M. Whipple or to her agent or anyone acting in her behalf. We have held that acknowledgment of a pre-existing debt barred by limitations may support a new promise to pay it but it must be made to the debtor or someone acting in his behalf. The general rule is stated in 34 Am. Jur. page 254, sec. 319, as follows: "Generally.—The modern and prevailing view is that an acknowledgment, to be effectual so far as the removal of the bar is concerned, must be made either to the creditor or to some one authorized to act for him, or, if to a stranger, must have been made with the intention that it be communicated to the creditor, the reason being that otherwise no privity is established between the parties with respect to the new promise. Although there are some earlier cases to the contrary, both English and American, as a general rule the acknowledgement of a debt made to a stranger, and not intended to be communicated to the creditor, will not remove the bar of the statute."

See also Thornton's Adm'r v. Minton's Ex'r, 250 Ky. 805, 64 S. W. 2d 158; Hutsell v. Current's Adm'r, 308 Ky. 787, 215 S. W. 2d 978, and cases therein cited.

While the statement in the ex parte petition in suit No. 3198 heretofore referred to was an acknowledgment by deceased that she owed the debt it was not made to her creditor or her creditor's agent or representative. It was simply a statement to the court that she owed that debt, along with others, in order that she might obtain a certain fund in the hands of her trustee to pay same. We think the fact that before judgment was entered in that case appellee's mother joined in the suit to waive any remainder or contingent interest she might have to the money sought to be withdrawn did not establish a privity between the parties with respect to a new promise.

But conceding, arguendo, that the acknowledgment made in the ex parte petition in 1934 constituted a new promise upon which the present cause of action could be based, it is pleaded and shown in paragraph 2 of the reply that it is barred by the five and even the ten year statute of limitations. Although that acknowledgment was written in the ex parte petition referred to, it was not a "written contract" within the meaning of KRS

413.090 and is not therefore controlled by that section. It is simply a new promise based on the original oral contract and which is controlled by the five year statute of limitations, KRS 413.120. It follows that since more than five years and even more than ten years, KRS 413.160, had elapsed between the date of that acknowledgment on April 24, 1934, and the date appellees filed their answer and cross-petition on October 18, 1948, the debt was barred even under the new promise raised by the acknowledgment in action No. 3198. It follows that the Chancellor erred in sustaining the demurrer to the reply of appellant which, in its second paragraph, pleaded a good defense and in its third paragraph raised an issue of fact on which proof would have had to be taken had the second paragraph not made that unnecessary, as we now hold.

It is the contention of appellees that the indebtedness here involved is controlled by the fifteen year statute KRS 413.090 because of the judgment entered in suit No. 3198. That would have been true if appellee Frances M. Whipple had been a party to that suit and there had been a judgment in her favor for the debt involved. But that was not the case. The only purpose of that suit was to segregate in the hands of the trustee a sum of money belonging to Patricia under the will of her grandfather from another sum belonging to her under the will of her mother but to which latter sum others were asserting some claim. Her purpose in asking this segregation and having it paid to herself was in order that she might pay certain debts admittedly owing by her. The judgment granted the relief she asked and directed the payment of the money for this purpose but it gave no judgment to the individual creditors going to make up the total debt of $1410 which the judgment says she owes. Therefore appellee has no judgment against decedent nor anybody else arising out of suit No. 3198, and KRS 413.090 is not controlling.

So much of the judgment of May 31, 1949, as sustains the demurrer to appellants' reply and adjudges recovery by appellees of the sum prayed for in their answer and cross-petition is reversed with directions to enter one in accordance herewith.