William H. GRASS, Appellant,

v.

T. E. EIKER, Trading as T. E. Eiker & Co.,
Appellee.

Amalia GRASS, Appellant,

v.

T. E. EIKER, Trading as T. E. Eiker & Co.,
Appellee.

Nos. 1790, 1791.

Municipal Court of Appeals for the
District of Columbia.

Argued May 14, 1956.

Decided June 27, 1956.

Rehearings Denied July 10, 1956.

Earl H. Davis, Washington, D. C., for appellants.

Jo V. Morgan, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

William H. Grass and his mother, Amalia Grass, brought separate actions on two promissory notes executed by appellee. The notes, in the face amounts of $2,694.98 and $1,170, were payable on demand. One was dated September 27, 1940, and the other June 1, 1941. A payment of $1 had been made on the larger note in 1949. After these actions were commenced on April

30, 1955, appellee moved to dismiss them on the ground they were barred by our three-year statute of limitations.[1] Appellants then amended their complaints to show that on December 31, 1954, appellee had filed with the Securities and Exchange Commission, pursuant to its rules, a report of his financial condition as of December 15, 1954, in which he listed as a liability the following: "Note Payable—subordinated * * * $3,864.98." Although this item indicated the indebtedness as one note and did not name the creditor, it seems clear from the record that the item referred to the two notes in question.

At pre-trial appellants conceded that the only written acknowledgment of the debts, signed by appellee, was that contained in the report to the Securities and Exchange Commission, but they offered to prove certain oral acknowledgments and admissions. The trial court granted summary judgments for appellee on the ground that the claims were barred by the statute.

■ The question presented is whether the acknowledgment contained in appellee's report to the Securities and Exchange Commission is sufficient acknowledgment to take the cases out of the operation of the statute of limitations.[2] More narrowly stated, the question is whether the acknowledgment must be made to the creditor or to someone on his behalf. Some early authorities held that an acknowledgment made to a total stranger was sufficient but the weight of modern authority is:

"An acknowledgment or promise must be made either to the creditor or to some one acting for him, or to some

third person with intent that it be known by and influence the action of the creditor, in order to take a case out of the statute of limitations." Ernest M. Loeb Co. v. Avoyelles Drainage Dist., etc., D.C.La., 60 F.Supp. 296, 303.[3]

Thus acknowledgments have been held insufficient when contained in an application for a loan,[4] in an application for fire insurance,[5] in an income tax return,[6] and in a petition filed in court.[7] In this jurisdiction it has been held that an acknowledgment made casually to a third person and not communicated or intended to be communicated to the creditor himself is not sufficient,[8] and that listing of a debt in voluntary proceedings in bankruptcy will not remove the statutory bar.[9]

■ We hold that the mere listing of the debts in the report to the Securities and Exchange Commission was not an acknowledgment sufficient to stop the running of the statute of limitations. Nevertheless we think it was error to grant summary judgment. In addition to the Securities and Exchange Commission report appellants offered to prove certain oral acknowledgments and admissions, and we think they were entitled to prove them and the circumstances under which they were made. Although the probability appears slight, appellants may be able to show that the delay in enforcing their claims was induced by representations or promises of appellee accompanying the acknowledgments and admissions. Such a showing might have the effect of estopping

1. Code 1951, 12–201.

2. Code 1951, 12–305.

3. See also 34 Am.Jur., Limitation of Actions, § 319; 54 C.J.S., Limitations of Actions, § 319.

4. Harter v. Wollaber, Sup., 116 N.Y.S.2d 464.

5. Burdue v. Lamb, 120 Kan. 502, 243 P. 1029.

6. Trethewey v. Green River Gorge, Inc., 17 Wash.2d 697, 136 P.2d 999.

7. Roper v. Smith, 45 Cal.App. 302, 187 P. 454; Mellema's Adm'r v. Whipple, 312 Ky. 13, 226 S.W.2d 318.

8. Cunkle v. Heald, 6 Mackey 485.

9. Fowler v. Pilson, 74 App.D.C. 340, 123 F.2d 918, certiorari denied 316 U.S. 664, 62 S.Ct. 944, 86 L.Ed. 1740.

appellee from pleading the statute in bar of the claims.[10] We think this possibility precluded the granting of summary judgments.

Reversed.

10.  See Hornblower v. George Washington University, 31 App.D.C. 64; McCloskey & Co. v. Dickinson, D.C.Mun.App., 56 A.2d 442; Annotation, 24 A.L.R.2d 1413.