**William H. GRASS, Appellant,**

v.

**T. E. EIKER, t/a T. E. Eiker & Company, Appellee.**

**No. 2041.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 9, 1957.

Decided Oct. 8, 1957.

Earl H. Davis, Washington, D. C., for appellant.

Jo V. Morgan, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case is before us for the second time. The suit was originally brought by appellant in 1955 on a note executed by appellee in 1940. The principal defense was the three-year statute of limitations.[1] In an attempt to take the action out of the operation of the statute,[2] appellant offered to show that appellee acknowledged the debt in writing by listing it as a liability on a report which he filed in 1954 with the Securities and Exchange Commission pursuant to its rules. He also offered to prove certain oral acknowledgments and admissions. Appellee moved for summary judgment which was granted. On the former appeal[3] we held that the mere listing of the debt in the report to the Securities and Exchange Commission was not a sufficient

---

* Pickett's Estate v. Pickett, 1932, 162 Md. 10, 158 A. 29.

** Noel v. O'Neill, 1916, 128 Md. 202, 97 A. 513.

1. Code 1951, § 12–201.

2. Code 1951, § 12–305.

3. Grass v. Eiker, D.C.Mun.App.1956, 123 A.2d 613, 614.

acknowledgment since it was not " * * * made either to the creditor or to some one acting for him, or to some third person with intent that it be known by and influence the action of the creditor, * * *."[4] However, we reversed the grant of summary judgment because

" * * * In addition to the Securities and Exchange Commission report appellants offered to prove certain oral acknowledgments and admissions, and we think they were entitled to prove them and the circumstances under which they were made. Although the probability appears slight, appellants may be able to show that the delay in enforcing their claims was induced by representations or promises of appellee accompanying the acknowledgments and admissions. Such a showing might have the effect of estopping appellee from pleading the statute in bar of the claims. * * *"[5]

On remand, the case went to trial, and at the conclusion of all the evidence the court directed a verdict for appellee on the ground that there was no evidence on which an estoppel could be based. This action of the judge is the sole error assigned in this second appeal.

It was conceded by appellee that the debt was reinstated in 1949. The only evidence introduced to prove the circumstances under which the oral acknowledgments and admissions were made was the testimony of appellant to the effect that he demanded payment from appellee several times a year from 1949 to the time of filing the complaint. He stated that appellee repeatedly said that "he had other uses for the money and he just couldn't pay me."

We do not think that this evidence is sufficient to estop appellee from pleading

the statute. At most it represents a bare verbal promise to pay the debt at a vague future time with an implied request for forbearance on the part of appellant until appellee could secure more funds. Appellee never agreed to waive the statute nor did he ask appellant to refrain from bringing suit. Consequently there was no basis for an estoppel,[6] and the action of the trial judge in directing a verdict was correct.

Affirmed.

---

4. Grass v. Eiker, supra, 123 A.2d at page 614.

5. Id., 123 A.2d at page 614–615.

6. Bank of Jonesboro v. Carnes, 1939, 187 Ga. 795, 2 S.E.2d 495, 130 A.L.R. 1; Wilson v. Black, 1945, 49 N.M. 309, 163 P.2d 267; see 24 A.L.R.2d 1413, 1426–1427.