527 P.2d 1237

**Frank BULMER and Betty C. Bulmer, husband and wife, Appellants,**

v.

**George E. BELCHER, Appellee.**

**No. 2 CA–CIV 1629.**

Court of Appeals of Arizona,
Division 2.

Nov. 14, 1974.

Rehearing Denied Dec. 11, 1974.

Review Denied Jan. 21, 1975.

Ronald W. Sommer, Tucson, for appellants.

Knez, Glatz & Crites, by Nick Knez, Tucson, for appellee.

## OPINION

KRUCKER, Judge.

Was appellants' claim barred by the statute of limitations? The lower court resolved this question against appellants and dismissed their complaint. We agree with the trial court's ruling.

Briefly, the facts are as follows. Appellants, parents of Mrs. Belcher, made a loan of $5,000 to the Belchers, who were then husband and wife, on February 16, 1968. Subsequently, the Belchers were divorced but prior thereto had paid appellants the sum of $800.00. Appellants, on December 21, 1971, filed a complaint (naming both their daughter and her former spouse as defendants) seeking to recover the balance of the $5,000 loan, together with interest thereon. The responsive pleading of Mr. Belcher asserted the bar of A.R.S. § 12–543, which prescribes a three years' limitation for an action "[f]or debt where the indebtedness is not evidenced by a contract in writing."

Appellants contended below that despite the fact that the limitations period had run, an "acknowledgment" by Mr. Belcher took the case out of the operation of the statute of limitations. In support of their position they relied upon correspondence between the respective attorneys representing the Belchers in their divorce action. This correspondence pertained to the details of the property settlement agreement being negotiated between the parties. A letter dated June 8, 1971, from Mrs. Belcher's attorney to the attorney for Mr. Belcher contains the following:

> "The only other condition Mrs. Belcher would impose involves a recognition of the personal loan from her parents. There is presently a balance of $4,200 (approximately) on this obligation. Our clients have been paying it off at $100 per month and I assume that Frank and Elizabeth Bulmer would be willing to have the payments continue at this rate. I will contact them to determine if they will accept the payments at no interest.
>
> A copy of this letter is enclosed for transmission to your client, if you so desire."

By letter dated June 16, 1971, Mr. Belcher's attorney responded to the above letter. He indicated that he had discussed the June 8, 1971 letter with Mr. Belcher and stated:

> "Insofar as the paragraph regarding the loan to Mr. and Mrs. Bulmer is concerned, he is willing to make such payments, however, does not desire to have the same included in the property settle-

ment agreement, since he will have to make the payment as best he can from the funds he has leftover [sic] after making all payments he is committing himself to under the terms of the agreement."

For an acknowledgment of an indebtedness to effectively remove the limitations bar, the acknowledgment must be in writing, signed by the party to be charged, must sufficiently identify the obligation referred to, though it need not specify the exact amount or nature of the debt, must contain a promise, express or implied, to pay the indebtedness, and must contain, directly or impliedly, an expression by the debtor of the "justness" of the debt. Freeman v. Wilson, 107 Ariz. 271, 485 P.2d 1161 (1971); Bainum v. Roundy, 21 Ariz. App. 534, 521 P.2d 633 (1974). We need not, however, address ourselves to the question of whether the aforementioned criteria have been satisfied, and in particular, the requirement that the writing be signed by the party to be charged since there is a fatal flaw in appellants' position.

The weight of authority in this country is that an acknowledgment or promise must be made either to the creditor or someone acting for him, or to some third person with the intent that it be communicated to the creditor. Grass v. Eiker, D.C.Mun. App., 123 A.2d 613 (1956); In re Estate of Sonnenthal, 39 Misc.2d 901, 242 N.Y.S.2d 135 (1963); Bowen v. Lewis, 198 Kan. 605, 426 P.2d 238 (1967); Buell v. Deschutes County Municipal Improvement District, 208 Or. 56, 298 P.2d 1000 (1956); Preston County Coke Company v. Preston County Light and Power Company, 146 W.Va. 231, 119 S.E.2d 420 (1961); Mellema's Adm'r v. Whipple, 312 Ky. 13, 226 S. W.2d 318 (1950); Addison v. Stafford, 183 Wash. 313, 48 P.2d 202 (1935); Masset v. Carver, 265 So.2d 456 (La.App. 1972); 54 C.J.S. Limitations of Actions § 319 (1948); 51 Am.Jur.2d Limitations of Actions § 354 (1970).

At trial Mr. Belcher was extensively cross-examined with respect to his knowledge of the contents of his attorney's letter dated June 15, 1971. He testified:

"Q. . . . Did you intend for your attorney to convey the information that you intended to pay that loan?

A. Yes.

Q. Did you intend that he show you by his letter to me knowledge that the loan existed?

A. No."

And:

"Q. . . . The sentence says, 'Insofar as the paragraph regarding the loan to Mr. and Mrs. Bulmer is concerned, he is willing to make such payments.' Did you authorize Mr. Knez to say that?

A. I authorized Mr. Knez to say I was willing to make the payment when I could, but not at that particular time, but I refused to sign [the property settlement agreement] if it said I had to pay the loan.

Q. You did say you would pay the loan when you had more money and were in a financial condition to do so?

A. Yes.

Q. You authorized him to communicate that information to me; is that correct?

A. I don't believe there was anything ever said about that."

Mrs. Bulmer testified that neither she nor her husband had known about the correspondence between the attorneys prior to filing this lawsuit, hadn't seen the letters until the day of trial and didn't rely on anything contained in the correspondence. Thus we see that Mr. Belcher's purported "acknowledgment" was in no way made either to the Bulmers, their agent, or with any intent that it be communicated to them.[1] Appellants having failed to sustain

---

1. The letter from Mr. Belcher's attorney was not sent to either the Bulmers or their agent and Mr. Belcher's only intent was that his attorney convey to Mrs. Belcher's attorney his future plans with respect to the loan.

their burden of proving an acknowledgment of the debt to the creditor in writing so as to remove the limitations bar, the trial court properly sustained the defense of limitations.

Judgment affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.