NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, a Delaware
Statutory Trust, *Plaintiff/Appellee*,

*v.*

STEPHEN GALLAGHER, *Defendant/Appellant*.

No. 1 CA-CV 15-0512
FILED 10-6-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-052616
The Honorable Thomas L. LeClaire, Judge (Retired)

**REVERSED**

APPEARANCES

Gurstel Chargo PA, Scottsdale
By Brian A. Williamson and Wendy M. Gillott
*Counsel for Plaintiff/Appellee*

Stephen Gallagher, Gilbert
*Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in
which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

**G O U L D**, Judge:

¶1        This is a collection action relating to an unpaid student loan. Appellant Stephen Gallagher challenges the superior court's ruling granting summary judgment to National Collegiate Student Loan Trust 2004-2 (the "Trust"), arguing that the Trust's claim was time-barred.  We agree and therefore reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        On or about June 18, 2004, Gallagher obtained a $12,500 student loan from Bank One, N.A.  The Trust acquired the loan in October 2004.  Gallagher made his last payment on the loan on or about August 13, 2007.

¶3        On February 20, 2008, Gallagher was indicted for bank fraud, wire fraud and other crimes.  The indictment alleged Gallagher had applied for more than $11 million in student loans and obtained nearly $700,000 in loan proceeds.  Count 78 of the indictment referenced the Bank One loan at issue in this case.

¶4        Gallagher entered into a plea agreement on June 30, 2008, in which he pled guilty to Count One of the indictment and consented to a judgment and forfeiture order of approximately $680,000.  The district court entered the forfeiture order and dismissed the remaining counts of the indictment, including Count 78, in May 2010.

¶5        The Trust sued Gallagher on March 14, 2014, seeking to recover the unpaid balance on the Bank One loan.  The Trust prevailed in compulsory arbitration, and Gallagher appealed the award to the superior court.  The Trust then moved for summary judgment, presenting evidence of the loan agreement, the assignment of the loan to the Trust, and the unpaid balance.  Gallagher opposed the motion on several grounds, including the claim was time-barred.  Gallagher also moved to dismiss the Trust's complaint on the same grounds, repeating his assertion that "[t]he action is barred by the Statute of Limitations."

¶6        The superior court granted summary judgment to the Trust. Gallagher timely appealed.

## DISCUSSION

¶7        Gallagher argues the superior court erred in granting summary judgment to the Trust.  Gallagher contends the Trust's claim

accrued when he stopped making payments in August 2007; as a result, the Trust was required to file its breach of contract action no later than August 2013, and its March 2014 complaint was untimely.

¶8　　　　The Trust concedes that, if Gallagher's June 30, 2008, plea agreement was not a written acknowledgment of the debt pursuant to Arizona Revised Statute ("A.R.S.") § 12-508, its cause of action accrued when Gallagher stopped making payments in 2007. The Trust contends, however, that the plea agreement served as an acknowledgment of the debt, and reset the limitations period to June 30, 2014. As a result, the Trust argues that its March 2014 complaint was timely.

¶9　　　　We review *de novo* whether summary judgment is warranted, including whether genuine issues of material fact exist and whether the trial court properly applied the law. *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 16 (App. 2010). We construe all facts in favor of Gallagher, the non-moving party. *Melendez v. Hallmark Ins. Co.*, 232 Ariz. 327, 330, ¶ 9 (App. 2013). Additionally, we review questions of law concerning statutes of limitations *de novo,* including when a particular cause of action accrues. *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 175, ¶ 10 (App. 2013).

¶10　　　　Generally, a breach of contract claim accrues "when one party is able to sue another." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995). The limitations period for claims based on breach of a written contract is six years. A.R.S. § 12-548(A)(1). However, a written acknowledgment of a debt restarts the statute of limitations period. A.R.S. § 12-508.

¶11　　　　To be effective, an acknowledgment of debt must sufficiently identify the obligation, state an express or implied promise to pay, and contain a direct or implied expression of the "justness" of the debt. *Freeman v. Wilson*, 107 Ariz. 271, 275-76 (1971); *see also De Anza Land & Leisure Corp. v. Raineri*, 137 Ariz. 262, 267 (App. 1983) ("It is well established that in order to remove the applicable statute of limitations, 'there must be both (a) an acknowledgment of the debt, and (b) willingness to pay it.'") (quoting *John W. Masury & Son v. Bisbee Lumber Co.*, 49 Ariz. 443, 466 (1937)). The exact amount or nature of the debt need not be specified. *Bulmer v. Belcher*, 22 Ariz. App. 394, 396 (1974). However, the acknowledgment must be made to the creditor, someone acting for the creditor, or to a third person with the intent that it be communicated to the creditor. *Id.*

¶12 Gallagher's plea agreement was not an acknowledgment of debt because it did not satisfy any of the *Freeman* requirements. The plea agreement did not separately identify the Bank One loan; it only stated that Gallagher received "more than $700,000 in fraudulent student loans." It contained no promise, express or implied, to repay the Bank One loan. It also did not express the "justness" of the Bank One loan debt, as Gallagher pleaded guilty to Count One, not Count 78. Indeed, Count 78 was later dismissed.

¶13 Moreover, even if the plea agreement met the *Freeman* requirements, it was not made to the Trust or anyone acting for the Trust, nor is there any evidence in the record to suggest anyone involved in the criminal case intended to convey it to the Trust. *Bulmer,* 22 Ariz. App. at 396. For these reasons, we find the plea agreement was not a written acknowledgment of the debt and that it did not restart the limitations period. A.R.S. § 12-508.

¶14 Accordingly, we conclude the Trust's March 2014 complaint was untimely under A.R.S. § 12-548(A)(1).

## CONCLUSION

¶15 We reverse and remand with instructions to enter judgment in favor of Gallagher consistent with this decision. Gallagher requests an award of costs and "other fees" totaling $500. We will award Gallagher his taxable costs incurred on appeal contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.

