## Leo AIMONETTO and Genevieve Aimonetto, Appellants,

### v.

## NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, a corporation,

### No. 8280.

United States Court of Appeals
Tenth Circuit.
Aug. 31, 1966.

---

**600**

John J. Rooney, Cheyenne, Wyo., for appellants.

William K. Ris, of Wood, Ris & Hames, Denver, Colo., for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This suit is founded on two Wyoming fire insurance policies, each of which contains a standard suit limitation provision to the effect that no action on the policy shall be sustainable unless commenced within twelve months from the date of the loss. Suit was not commenced until more than thirty months after the loss.

On trial to the court without a jury the only issue was whether the insurer had waived or was estopped to assert the admittedly valid time limitation. The trial court held that the provisions of the policies were clear and unambiguous and that the insurer did not waive nor was it estopped to assert the limitations. Judgment was entered accordingly.

■■ The law favors settlement of controversies, and the courts will readily decree a waiver, suspension or estoppel of the contractual limitations if, by its conduct, the company has led the insured to believe that the loss will be paid or adjusted without suit. The law will not permit the insurer to lull the insured into a sense of security by prolonged negotiations beyond the period of limitation. See Thompson v. Phenix Insurance Co., 136 U.S. 287, 10 S.Ct. 1019, 34 L.Ed. 408; Insurance Company of North America v. Board of Education, 10 Cir., 196 F.2d 901; Fireman's Fund Insurance Company v. C. K. Dunlap, 4 Cir., 317 F.2d 443; O'Donnell v. Continental Casualty Co., 263 Minn. 326, 116 N.W.2d 680; and see cases collected in 29 A.L.R.2d 636; Appleman on Insurance Law and Practice, Vol. 20A, 11637, 11639; Couch, Cyclopedia of Insurance Law, Vol. 7, 1656; Enforcement of Provisions in Insurance Policies Limiting Time Within Which Action May Be Brought, 41 Yale Law Journal, 1069. Each case must necessarily rest on its own facts and the decision in the sound discretion of the trial court.

■ The trial court found from the evidence that Leo Aimonetto, one of the insureds also acting for his insured wife, was an experienced business man who was no stranger to insurance policies or making claims for losses thereunder; that he had consulted counsel concerning his rights under the policies before the expiration of the limitation period; that in this case he had submitted sworn proofs of loss which had not been paid within the sixty days provided in the policies; that he had attempted to force payment by contacting a Wyoming state Senator, a United States Senator from South Dakota, the Insurance Commissioner and State Fire Marshall of the State of Wyoming and various offices

and officers of the insurer; that he did everything he could to force payment of the claims under the policies except to bring suit within the twelve months. The court further concluded that no act or omission of the insurer misled the insureds or lulled them into a sense of security that suit need not be commenced within the twelve month limitation period; that no act or omission of the insurer was relied upon by the insureds as an inducement not to bring suit.

These findings and conclusions are supported by the evidence; the judgment of the court thereon is not clearly erroneous, and it is affirmed.