Arthur ROUMEL and Theodore Roumel, trustees for Vasiliky C. Roumel, Arthur C. Roumel, Theodore C. Roumel and Aristotle H. C. Roumel, Appellants,

v.

NIAGARA FIRE INSURANCE COMPANY, a corporation, Appellee.

No. 3962.

District of Columbia Court of Appeals.

Argued Nov. 14, 1966.

Decided Jan. 19, 1967.

Jacob Sheeskin, Washington, D. C., for appellants.

James V. Dolan, Washington, D. C., with whom Stanley C. Morris, Jr., Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellants' premises, insured by appellee, were damaged by fire on May 20, 1962. A proof of loss was timely filed but was rejected on the ground that it incorrectly stated the amount and extent of the damage. The insurance company then demanded that the matter be submitted to appraisal in accordance with the provisions of the policy,[1] and subsequently sent an appraisal agreement to appellants for signature. After altering certain of its terms, appellants returned the agreement on October 16. The company immediately rejected the altered agreement and refused to proceed with the appraisal.

No action was taken by either party until May 18, 1965, nearly three years after the fire, at which time appellants filed suit alleging breach of contract for failure to pay the cash value of the loss (Count I) and breach of the appraisal agreement (Count II). Appellee filed a motion for summary judgment claiming that the action was barred by the limitations clause in the insurance policy.[2] Appellants conceded that Count I was thus barred, but contended that Count II was not. The trial court granted appellee's motion without opinion.

Appellants contend that the parties entered into an appraisal agreement and that this constituted a new contract to which the limitations provision of the policy did not apply. They further contend that there were many questions of fact to be determined at trial so that the granting of summary judgment was error. We disagree.

■ We note at the outset that appellants could not have sued to enforce the covenant of appraisal. Happy Hank Auction Co. v. American Eagle Fire Ins. Co., 1 N.Y.2d 534, 154 N.Y.S.2d 870, 872, 136 N.E.2d 842 (1956); In re Delmar Box Co., 309 N.Y. 60, 127 N.E.2d 808 (1955). Nor could they have sued to enforce any award which might have been rendered by the appraisers. National Fire Ins. Co. v. Shuman, 44 Ga. App. 819, 163 S.E. 306 (1932); Dworkin v. Caledonian Ins. Co., 285 Mo. 342, 226 S.W. 846, 848 (1920). This is true because appraisement is merely a method of ascertaining the amount of loss or damage and does not determine other issues such as liability and coverage. Security Printing Co. v. Connecticut Fire Ins. Co., 209 Mo. App. 422, 240 S.W. 263, 269 (1922); In re Delmar Box Co., supra; National Fire Ins. Co. v. Shuman, supra. Thus, even after an award is rendered, the insured's right of action is on the policy, the award being merely conclusive proof of the damages involved. Robinson v. Lumbermen's Mut. Casualty Co., 110 Pa.Super. 396, 168 A. 321 (1933). Where no award is rendered, the

---

1. The policy provided: "In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser * * * [who] shall then appraise the loss * * *."

2. That clause provided: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

amount of the loss must be proved by competent evidence.

■ The policy provides that the loss shall be payable only after it is ascertained either by agreement or by the filing of an appraisal award. Thus, once a demand has been made by the insurer, whether or not a subsequent appraisal agreement is entered into, the "no action" clause makes appraisal a condition precedent to a suit on the policy, and an insured would ordinarily be required to await an award before instituting suit. The weight of authority holds that the only effect of appellee's failure to comply was that appellants were able to sue *forthwith on the policy*. Annot. 94 A.L.R. 499, 506–516 (1935); Robinson v. Lumbermen's Mut. Casualty Co., supra. Since they failed to do this within twelve months after the fire, the trial court was correct in granting appellee's motion for summary judgment.[3]

■ Appellants' argument that our decision will allow insurance companies to avoid payment of claims by entering into prolonged negotiations and then withdrawing after the twelve-month limitation period has passed is without merit. It may be answered simply by holding in such a case that the insurer's conduct tolls the running of the contractual period of limitations. See, e. g., Insurance Co. of North America v. Board of Education, 196 F.2d 901 (10th Cir. 1952).

The case of Winston v. Arlington Fire Ins. Co., 32 App.D.C. 61, 20 L.R.A.,N.S., 960 (1908), is not in conflict with our holding here that appellee's refusal to submit the matter to appraisal did not create a new cause of action. The court there held that when an insurance company elected to rebuild after a fire, the contract to pay the loss was superseded by a contract to rebuild. Here an agreement to enter into an appraisal would not and could not supersede the contract to pay the loss, since appraisal is merely a means of ascertaining the extent of that loss.

The ruling of the trial court is therefore

Affirmed.

---

**3.** Appellants' contention that the trial court had to determine such questions of fact as whether there was an appraisal agreement and whether appellants made material alterations in appellee's proposed form of agreement is erroneous. The only acts of legal significance, i. e., the demand for appraisal by appellee and its subsequent refusal to proceed, were admitted.