PETERS v. HOME INSURANCE COMPANY.

INSURANCE — LIMITATION OF ACTIONS — HOMEOWNERS POLICY —
WAIVER.

Letter by insurer, written more than 12 months after date of
loss, and 8 months after insurance company had denied liabil-
ity under a homeowner's policy, offering to settle a claim of
a policyholder for fire damage, *held*, to be clearly a negotiation
after the 12-month limitation of actions provided in the policy,
and therefore to waive the policy provision; finding of trial
court that there had been no negotiation after the 12-month
period had run being clearly erroneous in view of letter in
the record.

Appeal from Common Pleas Court of Detroit,
O'Brien (John Patrick), J.   Submitted Division 1
May 15, 1968, at Detroit.   (Docket No. 3,973.)   De-
cided June 3, 1968.

Declaration by Edward M. and Yvonne M. Peters
against The Home Insurance Company, a foreign
corporation, on an insurance contract, for fire dam-
age and vandalism to real property.   Judgment for
defendant.   Plaintiffs appeal.   Reversed.

*Louis A. Gottlieb,* for plaintiffs.

*Earl D. Ross,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE
29A Am Jur, Insurance § 1804.
Insurer's admission of liability, offers of settlement, negotiations,
and the like, as waiver of, or estoppel to assert, contractual lim-
itation provision.   29 ALR2d 636.

Per Curiam. A fire damaged plaintiffs' property on or about October 30, 1965. Plaintiffs' claim under his homeowners insurance policy was denied by defendant insurance company on March 15, 1966. On November 16, 1966 defendant insurance company offered to pay $130–175 on the claim by means of the following letter:

"Mr. Edward Peters
1457 21st Street
Wayne, Michigan

"Re: Policy No. 26 27 969
Fire
Date of Loss: October 30, 1965
Our Claim No: 261 M 844318

*"Dear Mr. Peters:*
"This will acknowledge receipt of your recent letter along with the signed affidavit, pictures, etc. You are aware that we previously denied liability on this loss and only after discussing this matter with your agent, Mr. Youd, and you did we agree to review your file.

"In the meantime, we had arranged to reinspect your property situated in Excelsior Township, Kalkaska county, Michigan. The actual fire damage sustained to your dwelling involves the floor section in the living room area. This involves approximately 30 feet of flooring burned out, one cedar joist was burned, one window damages and a small amount of roof damage.

"All other damage we feel was due to lack of maintenance and we intend to give no consideration to this aspect of your loss. On the basis of the reinspection of your dwelling we have a tentative repair estimate of between $130 and $175 to repair the fire damage only. The reason for the variance in this figure, of course, is due to location and unavailability of repairmen. The other damages which you are claiming we feel occurred over a long period of

time and consequently this would not be considered a proper claim under the terms of your policy.

"If the above mentioned offer is agreeable to you kindly advise and we accordingly will issue a draft and retire our file.

"Very truly yours,
ROBERT W. SAUR,
Supervising Adjuster"

On trial defendant asserted that the provision of the policy that all suits under the policy must be commenced within 12 months of the loss barred plaintiffs' claim, and plaintiffs maintained that defendant had waived this provision by negotiating for the settlement of the claim after the 12-month period had run.

The trial court found that there had been no negotiation after the 12-month period.

In view of the letter quoted above we conclude his finding was clearly erroneous.

Reversed, with costs to appellant.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.