**Joseph JONES, Jr., Appellant,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.**

**No. 91–CV–1061.**

District of Columbia Court of Appeals.

Argued Feb. 18, 1993.

Decided March 12, 1993.

Douglas J. Rykhus, Washington, DC, for appellant.

Nona J. Bonanno, Washington, DC, for appellee.

Before ROGERS, Chief Judge, and FERREN and KING, Associate Judges.

KING, Associate Judge:

Appellant, plaintiff below, appeals the trial court's grant of summary judgment for appellee. The trial court dismissed appellant's suit on the ground that appellant's claim was barred by the three-year statute of limitations because appellant had "failed to show any affirmative inducement by defendant that caused plaintiff to delay in bringing the action."[1] Appellant concedes that the statute of limitations had expired, but urges this court to hold that appellee's reconsideration of his personal injury claim tolled the statute of limitations and estopped appellee from asserting it as a defense. Finding no basis for appellant's claim that either the statute of limitations was tolled or appellee should be estopped from asserting that defense, we conclude

---

1. Appellant, in his complaint, also asserted a claim of bad faith. The trial court concluded that while there is no authority concerning whether the statute recognizes a private cause of action against an insurer for a bad faith failure to pay a claim, the appellant failed to make any showing that defendant acted in bad faith. Appellant does not challenge that ruling in this appeal.

that appellant's right to bring suit expired on February 19, 1990—eight months before the complaint was filed.[2] Accordingly, we affirm.

## I.

On September 3, 1986, appellant, driving a car insured by appellee, was involved in an automobile collision. Appellant filed a claim and received payments under a personal injury protection provision ("PIP") for medical expenses and lost wages caused by the accident. On February 4, 1987, appellee terminated the benefits after its own physician, a Dr. Collins, examined appellant and determined that the injury, caused by the accident, was no longer present. On February 19, 1987, appellant received the last payment and on February 20, 1987, received written notice of last payment. Appellant had recovered $9,000 up to that point.

Two and one-half years later, on August 24, 1989, appellant, through counsel, contacted appellee and requested his PIP claim be reopened to determine whether he was eligible to recover for medical bills and lost wages incurred after payments ceased in February 1987. In September 1989, appellee requested all medical bills/reports from appellant for review by Dr. Collins; and on November 11, 1989, appellant complied and sent the requested medical information. After reviewing the material, Dr. Collins again concluded, on December 22, 1989, that appellant's ailment was not related to the September 3, 1986 accident. On January 22, 1990, appellee sent a letter to appellant denying his medical expenses and lost wages claim. The letter stated that the present injury was not related to the accident of September 1986, and appellant, in his complaint, conceded that the letter constituted a denial of his request to reopen his claim.

On February 19, 1990, three years after the date of the last payment of PIP benefits to appellant, the statute of limitations expired. In May 1990, appellant submitted a medical evaluation from a Dr. Azer diagnosing appellant's injury as being a consequence of the car accident in September 1986. Upon receiving Dr. Azer's report, appellee informed appellant that the statute of limitations had expired for his claim. Finally, on October 18, 1990, after further discussions between counsel and appellee's representatives failed to produce what he considered to be a satisfactory resolution of his PIP claim, appellant filed suit alleging breach of contract and bad faith by appellee. In his complaint, appellant claims that the statute was tolled in August 1989 when appellant sought to reopen his PIP claim and appellee began what appellant characterizes as good faith negotiations regarding reinstating the PIP benefits. Appellee, moving for summary judgment, asserted the statute of limitations as a defense and contended that there were no negotiations after the denial letter was sent on January 22, 1990, one month prior to the expiration of the statute of limitations.

On August 8, 1991, Judge Dixon granted summary judgment in favor of appellee concluding that appellee's "willingness to reconsider a claim that it had previously denied does not toll the statute of limitations which began to run from the date the claim was first denied." The trial court also found that the appellant had failed to show any affirmative inducement causing him to postpone filing an action. This appeal followed.

## II.

Appellant, relying primarily on our standard of review for summary judgment, asserts that the trial court erred when it determined that there were no genuine issues of material fact in dispute. Super.Ct.Civ.R. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings ... show that there is no genuine issue as to any material fact and that the moving

---

**2.** The applicable provision, D.C.Code § 35–2111(a)(2) (1988) provides: "If the applicable insurer makes any payment of benefits for personal injury protection with respect to a particular victim and injury, then a civil action may be commenced at any time within 3 years after the most recent payment."

party is entitled to a judgment as a matter of law."). *See also Maddox v. Bano*, 422 A.2d 763, 764 (D.C.1980) (summary judgment is extreme remedy and is only proper when it is clear moving party is entitled to judgment as matter of law); *Zitelman v. Metropolitan Ins. Agency*, 482 A.2d 426, 428 (D.C.1984) (burden is on the party who moves for summary judgment).

The thrust of appellant's argument is that the issue of whether he was affirmatively induced to delay bringing a civil action is a question for the jury. Relying on our decision in *Bailey v. Greenberg*, 516 A.2d 934, 938 (D.C.1986), appellant contends that the determination whether the "volume and quality of contact and settlement discussions are sufficient to waive the Statute of Limitations" is a material issue of fact precluding summary judgment. *See Bailey, supra*, 516 A.2d at 938.

In *Bailey*, the appellant brought suit for damages resulting from injuries she sustained after falling on appellee's property. The trial court granted summary judgment to appellee on the ground that the action was barred by the statute of limitations. Appellant had pursued her injury claim with an insurance company identified by appellee as the company responsible for the claim. When the insurance company was contacted, appellant was informed that the claim was being processed. After two years passed without receiving compensation, appellant retained counsel and counsel also received assurances, from the same insurance company, that the claim was being processed. After the statute of limitations had expired, the insurance company with whom appellant had been dealing, informed appellant that it was not the appellee's insurer for the property in question.

Bailey argued that she had been "lulled," by the actions of appellee and the insurance company, into not filing suit within the three-year limitation period. In reversing the grant of summary judgment, we observed that the "[e]xpiration of the statute of limitations is a question of law, but certain facts must be determined before the question of law can be reached. We hold [that appellant] raised a material issue

of fact whether [appellee] or his [insurance agent] lulled her into not filing suit." *Bailey, supra*, 516 A.2d at 940 (citations omitted). We also held that if appellant could show she was induced to delay filing suit, appellee would be estopped from pleading the statute of limitations. *Id.* (citing *Grass v. Eiker*, 123 A.2d 613, 614–15 (D.C.1956) (even if probability is slight, appellant might prove delay was induced by "representations or promises of appellee accompanying the acknowledgements and admissions")).

In the present case, unlike *Bailey*, there is no evidence of any affirmative inducement, or representations or promises made by appellee. We have held that in order to show a "lulling," concrete evidence must be presented that clearly establishes that such activity occurred. *Bailey, supra*, 516 A.2d at 940 (citing *Hornblower v. George Washington University*, 31 App.D.C. 64 (1908)). Not only was no such showing made here, if anything, the contrary was established. Appellant conceded in his complaint that on January 22, 1990, approximately one month before the statute of limitations expired, appellee denied his PIP claim and did so for the same reason it had stopped paying the PIP benefit payments approximately three years earlier. Moreover, appellant has never contended that appellee ever acknowledged any indebtedness or made any "promise to pay." We have held that in order to establish a lulling, both factors must be present. *See, e.g., Hornblower, supra*, 31 App.D.C. at 73; *Bailey, supra*, 516 A.2d at 937–40. We also note that appellant has never claimed that appellee ever requested that he forbear from bringing suit, that appellee ever admitted liability, or that appellee ever engaged in settlement discussions. Finally, appellant can point to no act by appellee, between the denial of the claim on January 22, 1990, and the expiration of the statute on February 19, 1990, that would suggest that it was reconsidering his claim.

The only contention made by appellant is that appellee was willing to reconsider the nature of appellant's injury and determine whether the expenses were related to the original PIP claim. Appellee did reconsider

and, after doing so, unequivocally informed appellant, in the letter dated January 22, 1990, that it would make no further payments on the claim. Accordingly, since appellant presented no facts that, if believed, would tend to establish affirmative action of inducement on the part of appellee, the trial court properly concluded that the statute of limitations was never tolled. It follows, therefore, that the trial court properly concluded that appellant's claim is barred by the statute of limitations. Accordingly, the judgment of the trial court is

*Affirmed.*